BROWNE GEORGE ROSS
O'BRIEN ANNAGUEY & ELLIS LLP
Thomas P. O'Brien (State Bar No. 166369)
  tobrien@bgrfirm.com
Jennie Wang VonCannon (State Bar No. 233392)
  jvoncannon@bgrfirm.com
David J. Carroll (State Bar No. 291665)
  dcarroll@bgrfirm.com
Luke A. Fiedler (State Bar No. 307614)
  lfiedler@bgrfirm.com
801 S. Figueroa Street, Suite 2000
Los Angeles, California 90017
Telephone: (213) 725-9800
Facsimile: (213) 725-9808

Attorneys for Plaintiffs
Dongyuan Li and Romaldo Marchan Delgado

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONGYUAN LI *et al.*,<br><br>  Plaintiffs,<br><br>  vs.<br><br>CITY OF SANTA ANA *et al.*,<br><br>  Defendants. | Case No. 8:20-cv-00068-SB (JDE)<br><br>**DISCOVERY MOTION**<br><br>**JOINT STIPULATION IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL FURTHER RESPONSES TO DISCOVERY**<br><br>Judge: Hon. John D. Early<br>Date: January 14, 2021<br>Time: 10:00 a.m.<br>Crtrm.: 6A<br><br>Fact Disc. Cutoff: Feb. 26, 2021<br>Pretrial Conf.: June 11, 2021<br>Trial Date: June 21, 2021 |

This Joint Stipulation is submitted by the undersigned parties pursuant to Local Rule 37-2 in connection with Plaintiffs Dongyuan Li and Romaldo Marchan Delgado's motion to compel further responses to the following discovery requests: (1) Requests for Production of Documents ("RFPs") to Defendant City of Santa Ana (Set One); (2) Requests for Admission ("RFAs") to Defendant City of Santa Ana (Set One); (3) RFAs to Defendant Ricky Prieto (Set One); and (4) RFAs to Defendant Caroline Contreras (Set One).  The parties met and conferred on numerous occasions between August 25, 2020 and December 9, 2020, to attempt to resolve the disputes outlined in this Motion but were unable to do so.  *See* Declaration of David J. Carroll ("Carroll Decl.") ¶¶ 4–18.

**I.     PLAINTIFFS' INTRODUCTORY STATEMENT**

**A.     Statement of Facts**

The incident underlying this lawsuit concerns a horrific instance of prisoner neglect and mistreatment.  In April 2019, Plaintiffs, who were both federal detainees housed at the Santa Ana City Jail ("Jail"), were being transported from court hearings back to the Jail in a van by Defendants Prieto and Contreras.  Second Am. Compl. ¶ 12, ECF No. 36.  Upon arriving at the Jail, Defendants Prieto and Contreras parked the van in the Jail's sally port in direct sunlight, turned off the vehicle, exited the van, and went inside the Jail, leaving Plaintiffs chained and locked alone inside the van.  *Id.* ¶ 13.  Neither Defendant Prieto nor Defendant Contreras ever returned to let Plaintiffs out of the vehicle.  *Id.* ¶¶ 14–15.  Plaintiffs ultimately spent four agonizing hours trapped in the sweltering van, almost dying from their ordeal.  *Id.*  It was only by pure luck that a third correctional officer happened to walk by the van, heard Plaintiffs desperately banging on the van walls, and let them out.  *Id.* ¶ 16.  Thereafter, the Jail failed to provide Plaintiffs with adequate follow-up medical care.  *Id.* ¶ 18.

**B.     Plaintiffs' RFAs**

Each Defendant has declined to respond to several basic requests for

admissions that seek to narrow or eliminate issues that are seemingly not in dispute. In particular, Plaintiffs requested that each Defendant admit that they breached their duty of care to Plaintiffs and that this breach proximately caused Plaintiffs' harm. Although Defendants contend that such requests improperly seek admissions on pure questions of law, both Ninth Circuit case law and the Rule 36 advisory committee's notes make clear that requests such as these properly seek admissions on the application of fact to law.  Plaintiffs are entitled to know whether they need to prove (or defend against) these issues in discovery, at summary judgment, and at trial.  The Court should therefore compel Defendants to substantively respond to these requests.

Plaintiff Delgado has also propounded an RFA regarding his exhaustion of administrative remedies, to which Defendants initially declined to substantively respond but have recently agreed to do so.  To the extent Defendants have not done so at the time this motion is heard, however, Plaintiffs request that the Court order Defendants to serve such a response within five days.

### C.     Plaintiffs' RFPs

Since August 2020, the parties have met and conferred extensively on the sufficiency of Defendant City of Santa Ana's responses to Plaintiffs' RFPs.  As of the filing of this motion, Defendant City has agreed to produce all outstanding documents to Plaintiffs.  To the extent Defendant City has not done so by the time this motion is heard, however, Plaintiffs request that the Court order the production of such documents within five days.

## II.    DEFENDANTS' INTRODUCTORY STATEMENT

Plaintiffs contend in this negligence action, contrary to fact and the City of Santa Ana's massive and continuing production of documents, that the individual defendants intentionally left them in a van at the Santa Ana Jail's sally port upon return from the United States District Court where each had proceedings earlier that day. Plaintiff Li, who later pleaded guilty to felony visa fraud, see Wells Decl. ¶¶ 5-

6, and consequently left the country, id. ¶ 7, had a pretrial hearing, and Plaintiff Delgado, who was convicted of illegally entering the United States, was sentenced for his crime. Id. ¶ 4. Plaintiff Li, now convicted of felony visa fraud, is currently in China, id. ¶ 7, and plaintiff Delgado is currently at the Big Spring Correctional Institution in Big Spring Texas, serving his sentence. Id. ¶ 8. Trial is set for June 21, 2020. Doc. 57 at 2:6-8.

The instant motion should be denied because the Requests for Admission at issue herein seek admissions of conclusions of law. See Fed. R. Civ. P. 36(a)(1) (excluding requests that a party admit a conclusion of law from permissible scope of requests), Playboy Enterprises, Inc. v. Welles, 60 F. Supp.2d 1050, 1057 (S.D. Cal. 1999) (ordering that Defendant object to requests for admission that sought admissions of conclusions of law). Because plaintiffs seek admissions of duty, breach, and causation by way of the instant motion, it is in material effect a motion for summary judgment—but in that respect, it is procedurally infirm. Plaintiffs' motion should be denied.

### A. The instant motion is a procedurally improper motion for summary judgment and should be denied on that basis.

In an impermissible end-run around the established procedures by which a plaintiff proves his or her case, Plaintiffs now attempt to prove their negligence case by way of the instant discovery motion by compelling admissions to the elements of negligence. The instant motion is in material effect a procedurally improper and inadequately briefed motion for summary judgment and should be denied on that basis alone.

Plaintiffs' specious Requests for Admission are outside the scope of Fed. R. Civ. P. 36(a)(1), which excludes requests that a party admit a conclusion of law. Playboy Enterprises, Inc. v. Welles, 60 F. Supp.2d 1050, 1057 (S.D. Cal. 1999). Here, plaintiffs move to obtain admissions that there existed a duty in tort. But the existence and nature of a duty of care is a question of law. Paz v. State of Cal., 22

Cal. 4th 550, 557 (2000).  See also Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc., 48 Cal. 3d 583, 588 (1989).  Accord Chubb Grp. of Ins. Cos. v. H.A. Transp. Sys., 243 F. Supp. 2d 1064, 1071 (C.D. Cal. 2002), Szucs v. L&D Scaffolding, No. 94-17222, 1996 U.S. App. LEXIS 4262, at *6 (9th Cir. Feb. 23, 1996). Plaintiffs admit this in the instant motion papers by citing law in support of this proposition. See n. 4, infra.

      Rather than directly move for an admission to Requests nos. 1 and 5 to the Defendants, which straightforwardly and improperly request that Defendants admit that a duty in tort existed, plaintiffs move herein for admissions that would establish such a duty by deductive inference. They thus improperly seek admissions of a conclusion of law, while admitting by conduct that the Defendants' objections are correct. The plain language of Fed. R. Civ. P. 36(a)(1) and the reported case Playboy Enterprises, Inc. v. Welles, 60 F. Supp.2d 1050, 1057 (S.D. Cal. 1999) justify Defendants' objections, and the case that plaintiffs proffer, Marchand v. Mercy Med. Ctr., 22 F.3d 933 (9th Cir. 1994), is procedurally and substantively distinguishable and does not apply here.

      Defendants' objections are correct and justified in law. Consequently, plaintiffs' motion should be denied.

      **B.**    **Defendants' objections to plaintiffs' RFAs are meritorious, and plaintiffs have admitted by conduct that defendants' objections are meritorious.**

      The admissions at issue ask the City and the defendant officers to admit the elements of the negligence cause of action pleaded against them. Plaintiffs proceed by first asking the City and the officers to admit that there existed a duty in tort. Pls.' Reqs. Admis. to Defs. City of Santa Ana, Prieto, and Contreras (Exs. 3, 5, 7), Req. nos. 1, 5.[1] They then run down the elements of negligence against each

---

[1] As plaintiffs admit in n. 2, infra, "[t]he requests to, and objections and responses

1721354.1                            -4-                        Case No. 8:20-cv-00068-SB (JDE)
JOINT STIPULATION IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL

defendant, demanding admissions for breach and causation. Id. nos. 2-4, 6-8.

Plaintiffs have conspicuously, and tellingly, failed to move to compel an admission that there existed a duty in tort, which they improperly requested in Request nos. 1 and 5 in the substantively identical set of Requests propounded to each Defendant. They have thus admitted by virtue of their litigation conduct that defendants' objections are correct and supported by law. See Playboy Enterprises, Inc. v. Welles, 60 F. Supp.2d 1050, 1057 (S.D. Cal. 1999).

Plaintiffs thus move herein for an order that would necessarily contravene an objection that they have admitted by conduct is correct. Moreover, the one case plaintiffs cite in support of their unsupportable position, Marchand v. Mercy Med. Ctr., 22 F.3d 933, 937 (9th Cir. 1994), is procedurally and substantively distinguishable and is only tangential, at best, to the instant motion. Marchand does not concern a motion to compel at all. There, a medical malpractice plaintiff sought attorney fees as provided by Fed. R. Civ. P. 37 for work at trial to prove facts that the plaintiff requested to be admitted, where the defendant denied them. Id. at 935, 937-39 The defendant did not object to the requests there as improperly calling for an admission of law, and no such question was before the Marchand court. Id. at 937-39. The case is simply beside the point.

Plaintiffs' motion, which is not supported in law, should be denied.

### III. RESPONSES IN DISPUTE

  A.  **RFPs to Defendant City of Santa Ana (Set One)**

    1.  **Documents that Defendants Have Agreed to Produce**

      a.  **Plaintiffs' Position**

During the parties' lengthy meet and confer efforts, Defendant City ultimately agreed to produce multiple categories of documents that they previously declined to

---

by, all three Defendants are substantively identical." The parties thus treat them together in the instant motion.

produce. As of the filing of this motion, Defendant City has agreed to produce, but has not yet fully produced, the following documents:

(1) all relevant policies and procedures, including (i) Santa Ana Police Department Policy 320, Standards of Conduct, (ii) Core Operations Policies, (iii) Training Bulletin on Prisoner Transportation and Operations, and (iv) policies relating to false statements by peace or correctional officers, investigations of such false statements, and potential discipline concerning those false statements; and

(2) confirmation that it has produced all documents from all internal and/or administrative investigations of the underlying incidents conducted by the City;

(3) all communications (including e-mails and text messages) relating to either the underlying incident or the investigation of that incident, including a privilege log for any communications withheld on the basis of any privilege; and

(4) the native versions of any reports or memoranda drafted in connection with the underlying investigation.

Defendant City has agreed to produce these documents, and Plaintiffs are optimistic that they will be produced by the time this motion is heard. Carroll Decl. ¶ 19. To the extent Defendant City have not done so, however, Plaintiffs request that the Court order Defendant City to produce them within five days of the date that the Court rules on this motion.

b.   **Defendants' Position**

At the time of filing the instant motion, Defendant City of Santa Ana is undergoing an archive search of its email systems in order to produce all e-mails as set forth in their Responses to Plaintiffs' Request for Production. Defense counsel has already informally notified plaintiffs' counsel that no responsive text messages exist. Defendant City of Santa Ana has agreed to produce policies and procedures as set forth in their responses to plaintiffs' Requests for Production, and as a matter of administration, intend to do so at the time of production of the e-mails in question. Defendant City of Santa Ana has already produced all memoranda and reports

drafted in connection with the underlying investigation.

Defendant City of Santa Ana submits that this motion is moot with respect to any issue in connection with plaintiffs' Request for Production of Documents.

### B. RFAs to Defendants City of Santa Ana, Prieto, and Contreras (Set One)[2]

#### 1. RFA Nos. 2–4, 6–8: Requests Concerning Defendants' Breach of Duty and Causation

| RFA No. 2 | |
|---|---|
| Request: | Admit that YOU breached YOUR duty to Plaintiff Li to use reasonable care in transporting Plaintiff Li from the COURTHOUSE to the JAIL on April 8, 2019. |
| Response: | Objection.  This Request improperly calls for an admission of pure law—whether a duty of care existed between the Defendant Contreras and Plaintiff Li—which would necessarily be admitted were this Request admitted, because this Request assumes that a duty of care existed between the Defendant Contreras and Plaintiff Li.  "Requests for admissions cannot be used to compel an admission of a conclusion of law."  *Playboy Enterprises, Inc. v. Welles*, 60 F. Supp.2d 1050, 1057 (S.D. Cal. 1999).  The existence and nature of a duty of care is a question of law.  *Paz v. State of Cal.*, 22 Cal. 4th 550, 557 (2000).  *See also Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.*, 48 Cal. 3d 583, 588 (1989).  *Accord Chubb Grp. of Ins. Cos. v. H.A. Transp. Sys.*, 243 F. Supp. 2d 1064, 1071 (C.D. Cal. 2002), *Szucs v. L&D Scaffolding*, No. 94-17222, 1996 U.S. App. LEXIS 4262, at *6 (9th Cir. Feb. 23, 1996). |
| **RFA No. 3** | |
| Request: | Admit that YOUR breach of YOUR duty of care to Plaintiff Li on April 8, 2019 in transporting Plaintiff Li from the COURTHOUSE to the JAIL was a substantial factor in causing Plaintiff Li physical harm. |
| Response: | Objection.  This Request improperly calls for an admission of pure |

---

[2] The requests to, and objections and responses by, all three Defendants are substantively identical, with the sole exception that Defendant City denied RFA No. 6, whereas Defendants Prieto and Contreras did not substantively respond to RFA No. 6.  Plaintiffs therefore move to compel a response from Defendants Prieto and Contreras as to RFA Nos. 2–4 and 6–8, and from Defendant City as to RFA No. 2–4 and 7–8.

| | |
|---|---|
| | law—whether a duty of care existed between the Defendant Contreras and Plaintiff Li—which would necessarily be admitted were this Request admitted, because this Request assumes that a duty of care existed between the Defendant Contreras and Plaintiff Li.  "Requests for admissions cannot be used to compel an admission of a conclusion of law." *Playboy Enterprises, Inc. v. Welles*, 60 F. Supp.2d 1050, 1057 (S.D. Cal. 1999).  The existence and nature of a duty of care is a question of law.  *Paz v. State of Cal.*, 22 Cal. 4th 550, 557 (2000).  *See also Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.*, 48 Cal. 3d 583, 588 (1989).  *Accord Chubb Grp. of Ins. Cos. v. H.A. Transp. Sys.*, 243 F. Supp. 2d 1064, 1071 (C.D. Cal. 2002), *Szucs v. L&D Scaffolding*, No. 94-17222, 1996 U.S. App. LEXIS 4262, at *6 (9th Cir. Feb. 23, 1996).  This request also calls for speculation and an improper medical and/or mental health care opinion from this responding defendant. |
| **RFA No. 4** | |
| Request: | Admit that YOUR breach of YOUR duty of care to Plaintiff Li on April 8, 2019 in transporting Plaintiff Li from the COURTHOUSE to the JAIL was a substantial factor in causing Plaintiff Li emotional harm. |
| Response: | Objection.  This Request improperly calls for an admission of pure law—whether a duty of care existed between the Defendant Contreras and Plaintiff Li—which would necessarily be admitted were this Request admitted, because this Request assumes that a duty of care existed between the Defendant Contreras and Plaintiff Li.  "Requests for admissions cannot be used to compel an admission of a conclusion of law." *Playboy Enterprises, Inc. v. Welles*, 60 F. Supp.2d 1050, 1057 (S.D. Cal. 1999).  The existence and nature of a duty of care is a question of law.  *Paz v. State of Cal.*, 22 Cal. 4th 550, 557 (2000).  *See also Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.*, 48 Cal. 3d 583, 588 (1989).  *Accord Chubb Grp. of Ins. Cos. v. H.A. Transp. Sys.*, 243 F. Supp. 2d 1064, 1071 (C.D. Cal. 2002), *Szucs v. L&D Scaffolding*, No. 94-17222, 1996 U.S. App. LEXIS 4262, at *6 (9th Cir. Feb. 23, 1996).  This request also calls for speculation and an improper medical and/or mental health care opinion from this responding defendant. |
| **RFA No. 6[3]** | |

---

[3] Defendant City denied RFA No. 6, and thus Plaintiffs do not move to compel a response from the City regarding RFA No. 6.  Defendants Contreras and Prieto, however, both refused to substantively respond to this RFA.

| | | |
|---|---|---|
| | Request: | Admit that YOU breached YOUR duty to Plaintiff Marchan Delgado to use reasonable care in transporting Plaintiff Marchan Delgado from the COURTHOUSE to the JAIL on April 8, 2019. |
| | Response: | Objection.  This Request improperly calls for an admission of pure law—whether a duty of care existed between the Defendant Contreras and Plaintiff Delgado—which would necessarily be admitted were this Request admitted, because this Request assumes that a duty of care existed between the Defendant Contreras and Plaintiff Li.  "Requests for admissions cannot be used to compel an admission of a conclusion of law." *Playboy Enterprises, Inc. v. Welles*, 60 F. Supp.2d 1050, 1057 (S.D. Cal. 1999).  The existence and nature of a duty of care is a question of law. *Paz v. State of Cal.*, 22 Cal. 4th 550, 557 (2000). *See also Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.*, 48 Cal. 3d 583, 588 (1989).  *Accord Chubb Grp. of Ins. Cos. v. H.A. Transp. Sys.*, 243 F. Supp. 2d 1064, 1071 (C.D. Cal. 2002), *Szucs v. L&D Scaffolding*, No. 94-17222, 1996 U.S. App. LEXIS 4262, at *6 (9th Cir. Feb. 23, 1996). |
| **RFA No. 7** | | |
| | Request: | Admit that YOUR breach of YOUR duty of care to Plaintiff Marchan Delgado on April 8, 2019 in transporting Plaintiff Marchan Delgado from the COURTHOUSE to the JAIL was a substantial factor in causing Plaintiff Marchan Delgado physical harm. |
| | Response: | Objection.  This Request improperly calls for an admission of pure law—whether a duty of care existed between the Defendant Contreras and Plaintiff Delgado—which would necessarily be admitted were this Request admitted, because this Request assumes that a duty of care existed between the Defendant Contreras and Plaintiff Li.  "Requests for admissions cannot be used to compel an admission of a conclusion of law." *Playboy Enterprises, Inc. v. Welles*, 60 F. Supp.2d 1050, 1057 (S.D. Cal. 1999).  The existence and nature of a duty of care is a question of law. *Paz v. State of Cal.*, 22 Cal. 4th 550, 557 (2000). *See also Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.*, 48 Cal. 3d 583, 588 (1989).  *Accord Chubb Grp. of Ins. Cos. v. H.A. Transp. Sys.*, 243 F. Supp. 2d 1064, 1071 (C.D. Cal. 2002), *Szucs v. L&D Scaffolding*, No. 94-17222, 1996 U.S. App. LEXIS 4262, at *6 (9th Cir. Feb. 23, 1996).  This request also calls for speculation and an improper medical and/or mental health care opinion from this responding defendant. |
| **RFA No. 8** | | |
| | Request: | Admit that YOUR breach of YOUR duty of care to Plaintiff Marchan Delgado on April 8, 2019 in transporting Plaintiff Marchan Delgado |

|  |  |
|---|---|
|  | from the COURTHOUSE to the JAIL was a substantial factor in causing Plaintiff Marchan Delgado emotional harm. |
| Response: | Objection.  This Request improperly calls for an admission of pure law—whether a duty of care existed between the Defendant Contreras and Plaintiff Delgado—which would necessarily be admitted were this Request admitted, because this Request assumes that a duty of care existed between the Defendant Contreras and Plaintiff Li. "Requests for admissions cannot be used to compel an admission of a conclusion of law." *Playboy Enterprises, Inc. v. Welles*, 60 F. Supp.2d 1050, 1057 (S.D. Cal. 1999).  The existence and nature of a duty of care is a question of law.  *Paz v. State of Cal.*, 22 Cal. 4th 550, 557 (2000).  *See also Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.*, 48 Cal. 3d 583, 588 (1989).  *Accord Chubb Grp. of Ins. Cos. v. H.A. Transp. Sys.*, 243 F. Supp. 2d 1064, 1071 (C.D. Cal. 2002), *Szucs v. L&D Scaffolding*, No. 94-17222, 1996 U.S. App. LEXIS 4262, at *6 (9th Cir. Feb. 23, 1996).  This request also calls for speculation and an improper medical and/or mental health care opinion from this responding defendant. |

### a.     Plaintiffs' Position

These requests seek admissions on the elements of breach and causation with respect to Plaintiffs' negligence claims—issues which Plaintiffs understood not to be in serious dispute.  *See* Carroll Decl. ¶ 10, Ex. 14 (outlining conclusions from administrative investigation of the incident).  Defendants declined to substantively respond to these requests largely on the basis that they impermissibly sought admissions on pure questions of law.  But these requests concern the application of fact to law, not pure questions of law.  The Court should therefore compel Defendants to substantively respond to these requests.

A party may request that another party admit the truth of any matters relating to "facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A).  Requesting admissions regarding the application of law to fact serves the important purpose of "more clearly narrow[ing] the issues" to be tried.  Fed. R. Civ. P. 36(a) advisory committee notes to 1970 amendment.  Indeed, the advisory committee notes give two examples of requests that properly seeks the admission of

the application of law to fact that are almost identical to those here—including (1) "an admission that an employee acted in the scope of his employment" and (2) an admission that "'the premises on which said accident occurred, were occupied or under the control' of one of the defendants." *Id*.

The Ninth Circuit has also made clear that requests for admissions concerning elements of negligence are appropriate. In *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 937 (9th Cir. 1994), the court noted that the following request for admission properly inquired about an issue of mixed law and fact concerning the breach of the standard of care, such that it could form the basis for Rule 37 sanctions against the party who unreasonably denied it:

> Admit that the care and treatment provided to Kevin Marchand at the Mercy Medical Center on March 13, 1987, and March 14, 1987, by Neil K. Farris, D.O., failed to comply with the applicable standard of care which existed for that person on that date.

*Id.* (noting that the responding party's "misleading answers to requests for admission significantly affected the cost of [the plaintiff's] prosecution and contravened the goal of full discovery").

Plaintiffs' requests here are identical: they ask Defendants to admit that they breached their duty of care to Plaintiffs, and that this breach of duty was a substantial factor in causing Plaintiffs' injuries. As both *Marchand* and the Rule 36 advisory committee's notes make clear, the mere fact that these requests collaterally implicate an issue of law—*i.e.*, that Defendants owed a duty of care to Plaintiffs in the first place—does not, as Defendants seem to argue, convert these requests into unanswerable questions of law. Indeed, admissions on the application of fact to law *necessarily* implicate issues of law—but that does not make them objectionable.[4]

---

[4] In any event, Defendants' equivocation on whether or not they owed Plaintiffs a duty of care is specious. California has squarely held not only that correctional officers owe inmates a duty to use reasonable care, but that correctional officers even have a "special relationship" with inmates such that the officers have

Defendants should thus be compelled to substantively respond to these requests.

Defendants' reliance on *Playboy Enters., Inc. v. Welles*, 60 F. Supp. 2d 1050, 1057 (S.D. Cal. 1999), is misplaced. As Plaintiffs noted in their September 25, 2020 meet and confer e-mail, *Playboy Enterprises* states only that the response to certain RFAs can be deferred to a later time if appropriate under the circumstances, and not that the underlying issues should only be raised at summary judgment, as Defendants appeared to contend. Carroll Decl. ¶ 12, Ex. 13 a 5. Moreover, those circumstances in any event do not apply here: the City does not dispute that it conducted its own internal investigation of the underlying facts long ago, and thus there is no basis to delay providing an answer to these requests. *See* Carroll Decl. ¶ 10, Ex. 4.

Finally, Defendants cannot avoid responding to RFA Nos. 3, 4, 7, and 8 on the basis that they call for an expert opinion. These requests seek an admission that Defendants' failure to use reasonable care—leaving Plaintiffs locked in a sweltering van for four hours, which required that they be hospitalized afterwards, *id.*—was a substantial factor in causing Plaintiffs physical and emotional harm. Any lay person can easily determine that being locked inside an extremely hot and unventilated van for four hours will cause *some* degree of harm, and thus this request does not seek an admission on an issue on which only an expert would be qualified to opine.

Plaintiffs require substantive answers to these requests so that they know on what issues they need to focus their investigation, discovery, and motion practice— which is precisely the purpose that RFAs serve. For these reasons, the Court should order Defendants to provide a response to each of the RFAs at issue here.

///

///

---

an affirmative duty to protect inmates. *Giraldo v. Dep't of Corr. & Rehab.*, 168 Cal. App. 4th 231, 245 (2008).

### b. Defendants' Position

The point of plaintiffs' impermissible Requests for Admission and the instant, improper motion, is to compel admissions that plaintiffs are not entitled to as a matter of law. Fed. R. Civ. P. 36(a)(1) (excluding conclusions of law from the scope of permissible Requests for Admission), Playboy Enterprises, Inc. v. Welles, 60 F. Supp.2d 1050, 1057 (S.D. Cal. 1999) (refusing to order an admission where two requests "require[d] Defendant to make a conclusion of law."). Plaintiffs have not identified any authority that supports their specious position. The instant motion should be denied.

### (i) Requests for Admission may not, as plaintiffs improperly attempt here, be used to obtain admissions of pure law.

In their Requests for Admission propounded to Defendants, plaintiffs first requested Defendants to admit that a duty in tort existed. Reqs. Admis. nos. 1, 5. Defendants objected to these Requests as improperly requesting an admission of a conclusion of law, and acknowledging the appropriateness of the objection, plaintiffs do not move to compel a further response to these inappropriate Requests.

Plaintiffs further requested admissions that Defendants breached a duty in tort and that such breach was the proximate cause of the plaintiffs' damages. The existence of a duty in tort follows from such admissions by deductive inference. To admit that Defendants breached a duty in tort is to admit that they owed the duty in the first place. The same is true of causation. Where a defendant's breach of duty is the proximate cause of a plaintiff's damages, there is necessarily a duty. The Requests at issue here are therefore improper because the admissions that they seek necessitate an admission of a conclusion of law, specifically, whether a duty in tort existed.

The existence and nature of a duty of care is a question of law. Paz v. State of Cal., 22 Cal. 4th 550, 557 (2000). See also Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc., 48 Cal. 3d 583, 588 (1989). Accord Chubb Grp. of Ins. Cos. v.

H.A. Transp. Sys., 243 F. Supp. 2d 1064, 1071 (C.D. Cal. 2002), Szucs v. L&D Scaffolding, No. 94-17222, 1996 U.S. App. LEXIS 4262, at *6 (9th Cir. Feb. 23, 1996). Plaintiffs admit this in the instant motion papers by citing law in support of this proposition. See n. 4, supra.

"Requests for admissions cannot be used to compel an admission of a conclusion of law." Playboy Enterprises, Inc. v. Welles, 60 F. Supp.2d 1050, 1057 (S.D. Cal. 1999) (refusing to order an admission where two requests "require[d] Defendant to make a conclusion of law."). But this is precisely what plaintiffs seek via the instant motion. Plaintiffs' motion should be denied.

Playboy Enterprises was a trademark dispute between Playboy and Terri Welles, Playmate of the Year 1981. 60 F. Supp. at 1051. Welles ran an internet pornography website identifying herself as Playmate of the Year, and using other intellectual property without Playboy's consent. Id. Playboy sued for trademark infringement and related business torts. Id. Playboy propounded Requests for Admission asking Welles to admit that she is a public figure as defined by Curtis Publishing Co. v. Butts, 388 U.S. 130 (1967) and that a contract between the parties required Welles to obtain advance permission from Playboy before identifying herself commercially as Playmate of the Year. Id. at 1057. Welles denied the requests, and ignored a companion Interrogatory asking her to identify all facts upon which she based her denial. Id. On Playboy's motion to compel an answer to the companion Interrogatory, the district court ordered Welles to either object to the Requests as impermissibly calling for a conclusion of law or state facts to support her original denial after "determin[ing] that both of these Requests for Admissions requires Defendant to make a conclusion of law." Id.

Marchand v. Mercy Med. Ctr., 22 F.3d 933, 937 (9th Cir. 1994) does not support plaintiffs' position and does not impugn Defendants' correct objections to plaintiffs' improper requests. The case is procedurally and substantively distinguishable. Marchand, a medical malpractice action, did not consider a motion

to compel. Instead, in <u>Marchand</u>, the plaintiff sought to recover attorney fees as provided by Fed. R. Civ. P. 37 "because three defendants failed to admit key requests for admission that he proved at trial." <u>Id</u>. at 935. Plaintiff sought admissions that the treatment that the defendant provided the plaintiff fell below the applicable standard of care, and that actions the defendant took permitted the plaintiff's spine to move in ways that harmed him. <u>Id</u>. at 937-39. Defendant <u>denied</u> these requests, and did not object to them as improperly requesting admissions of law. <u>Id</u>. No such question was before the <u>Marchand</u> court. <u>Id</u>. In a post-trial order, the district court ordered that the defendant pay plaintiffs' attorney fees, and defendant appealed. <u>Id</u>. at 935-36. The Ninth Circuit affirmed the district court's Rule 37 sanctions because it determined that the defendant lacked reasonable grounds to deny the requests. <u>Id</u>. at 937-39.

<u>Playboy Enterprises</u>, which was an order on a motion to compel, applies here. Plaintiffs' Requests are improper, and Defendants correctly objected to them. Here, as in <u>Playboy</u>, plaintiffs improperly request that Defendants admit conclusions of law. Here, unlike <u>Marchand</u>, Defendants made that objection. <u>Marchand</u> considered whether certain denials in discovery subjected the defendant to sanctions provided by for the Federal Rules of Civil Procedure. Here, plaintiffs have propounded erroneous Requests for Admission that Defendants properly objected to, and have turned to the instant motion as an end-run around the established procedures for proving a party's case. Plaintiff's motion as to the Requests for admission should be denied.

|   |   |
|---|---|
|   | Respectfully submitted, |
| DATED:  December 23, 2020 | BROWNE GEORGE ROSS O'BRIEN ANNAGUEY & ELLIS LLP<br>    Thomas P. O'Brien<br>    Jennie Wang VonCannon<br>    David J. Carroll<br>    Luke Fiedler |
|   | By:  /s/ David J. Carroll<br>         David J. Carroll<br>Attorneys for Plaintiffs Dongyuan Li and Romaldo Marchan Delgado |
| DATED:  December 22, 2020 | CARPENTER ROTHANS & DUMONT LLP<br>    Jill Williams<br>    Edward Wells |
|   | By:  /s/ Edward Wells<br>         Edward Wells<br>Attorneys for Defendants City of Santa Ana, Ricky Prieto, and Caroline Contreras |

I attest that all signatories listed, on whose behalf this filing is submitted, have authorized the filing and concur with its contents.  C.D. Cal. L.R. 5-4.3.4(a)(2)(i).

     /s/ David J. Carroll
         David J. Carroll