BROWNE GEORGE ROSS
O'BRIEN ANNAGUEY & ELLIS LLP
Thomas P. O'Brien (State Bar No. 166369)
  tobrien@bgrfirm.com
Jennie Wang VonCannon (State Bar No. 233392)
  jvoncannon@bgrfirm.com
David J. Carroll (State Bar No. 291665)
  dcarroll@bgrfirm.com
801 S. Figueroa Street, Suite 2000
Los Angeles, California 90017
Telephone: (213) 725-9800
Facsimile: (213) 725-9808

Attorneys for Plaintiffs
Dongyuan Li and Romaldo Marchan Delgado

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONGYUAN LI, an individual; and ROMALDO MARCHAN DELGADO, an individual,<br><br>          Plaintiffs,<br><br>    vs.<br><br>CITY OF SANTA ANA *et al.*,<br><br>          Defendants. | Case No. 8:20-cv-00068-SB (JDEx)<br><br>**DISCOVERY MOTION**<br><br>**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL FURTHER DISCOVERY RESPONSES (L.R. 37-2.3)**<br><br>Judge:  Hon. John D. Early<br>Date:   January 14, 2021<br>Time:   10:00 a.m.<br>Crtrm.: 6A<br><br>Fact Disc. Cutoff: Feb. 26, 2021<br>Pretrial Conf.:     Jun. 11, 2021<br>Trial Date:          Jun. 21, 2021 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Neither the arguments in Defendants' portion of the Joint Stipulation, nor any of the evidence they submit, show that the requests for admission that Plaintiffs propounded were improper. Indeed, the evidence that Defendants submit—such as the judgments of conviction in Plaintiffs' respective criminal cases, the indictment in Plaintiff Li's criminal case, and Plaintiff Li's discovery responses showing that she has since left the United States—has nothing at all to do with Plaintiffs' discovery requests. At best, Defendants are gratuitously attacking on Plaintiffs' characters; at worst, Defendants are suggesting that Plaintiffs somehow deserved to have been locked in a sweltering van for four hours, or that Defendants' culpability for locking them in the van is somehow diminished, because Plaintiffs are nothing more than foreign inmates with criminal convictions.

Moreover, the substantive arguments that Defendants offer completely miss the mark. Plaintiffs' requests for admission are no different from those approved by both the Ninth Circuit and the Advisory Committee on the Federal Rules of Civil Procedure, and Defendants do not persuasively distinguish this authority. And, contrary to Defendants' arguments, the fact that these requests collaterally implicate a question of law—*i.e.*, whether Defendants owe Plaintiffs a duty of care—does not make them unanswerable. *Every* request seeking an admission on the application of fact to law by definition incorporates some legal proposition against which operative facts must be measured. Unsurprisingly, none of the cases that Defendants cite supports their far-fetched suggestion that requests can never implicate any legal proposition, no matter how tangentially. Finally, Defendants' "wavier" argument— that Plaintiffs have conceded that the requests at issue are improper by not moving to compel a response on *other* requests seeking an admission on whether Defendants owe Plaintiffs a duty of care—borders on nonsensical. Plaintiffs did not concede anything by not moving to compel a response on those other requests; rather, given

the unequivocal case law holding that correctional officers owe inmates a duty of care, Plaintiffs simply elected not to further pursue those particular requests.

At bottom, it is apparent that Defendants are simply trying to avoid responding to legitimate requests—which they have no reasonable basis to deny—that would effectively establish their liability for Plaintiffs' negligence cause of action.[1]  But Plaintiffs are legally entitled to receive substantive responses to these requests, however uncomfortable that may be for Defendants.

For these reasons, and those additional reasons cited in Plaintiffs' portion of the Joint Stipulation, the Court should grant Plaintiffs' motion to compel in full.

## II. ARGUMENT

### A. Plaintiffs' Requests for Production of Documents

Plaintiffs agree that Defendants have informed them that Chief of Police David Valentin has no responsive text messages.  However, Defendants have not yet confirmed whether or not any other City employee with a City-issued cellphone also has no responsive text messages.  Furthermore, while Defendants state that they have "already produced all memoranda and reports drafted in connection with the underlying investigation," Joint Stipulation at 6–7, ECF No. 64, Defendants have *not* produced the native versions of these reports as Plaintiffs have requested. Although Plaintiffs remain optimistic that Defendants will fully produce these (and other) documents in advance of the hearing on this motion, Plaintiffs reiterate their request for an order compelling such production should that not occur.

### B. Plaintiffs' Requests for Admission

Defendants do not persuasively distinguish any authority that Plaintiffs cite, nor do they affirmatively cite any authority showing that the requests for admission

---

[1] "[A]s the Ninth Circuit has made clear, even 'ultimate issues' may be established by Rule 36 admissions." *Retamco Operating, Inc. v. Carone*, 2005 WL 8165740, at *7 (C.D. Cal. Nov. 23, 2005); *see also* Fed. R. Civ. P. 36(a)(5).

at issue are improper.  First, they do not even try to distinguish the analogous examples, suggested by the Advisory Committee on the Federal Rules of Civil Procedure, of requests that permissibly seek admissions on the application of law to fact.  The Advisory Committee noted that admissions on whether "an employee acted in the scope of his employment," or whether "'the premises on which said accident occurred, were occupied or under the control' of one of the defendants," involved both "law as well as fact" and were therefore proper requests that would "remove[] . . . issues from the lawsuit and thereby reduce[] the proof required at trial."  Fed. R. Civ. P. 36 Advisory Committee Notes to 1970 Amendment.  These requests, just like those that Plaintiffs propounded, concern admissions on the ultimate elements of the plaintiff's claims that collaterally implicate questions of law; nevertheless, the Advisory Committee concluded that they were still proper requests under Rule 36.

Second, Defendants' attempt to distinguish *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 937 (9th Cir. 1994), falls flat.  Defendants do not dispute that the requests at issue in *Marchand* are materially indistinguishable from those that Plaintiffs have propounded; rather, they contend that the *Marchand* court only addressed whether the requests could form the basis of cost of proof sanctions under Rule 37, and not whether those requests were objectionable.  Joint Stipulation at 14–15.  But this point is both incorrect and immaterial.  For one, immediately following a recitation of the relevant request, the court observed that "Rule 36(a) permits requests for admission addressing questions of mixed law and fact"—thereby making clear that the request was proper under this standard.  22 F.3d at 937 n.4.  Moreover, Rule 37 sanctions are available only where the request is not "held objectionable under Rule 36(a)," Fed. R. Civ. P. 37(c)(2)(A); thus, by ordering sanctions based on the request, the court necessarily determined that the request was not "objectionable."  *See also, e.g.*, *A. Farber & Partners, Inc. v. Garber*, 237 F.R.D. 250, 255 (C.D. Cal. 2006) (citing *Marchand* as holding that "Rule 36(a) [specifically] permits requests for

admission addressing questions of mixed law and fact").

Third, Defendants continue to erroneously rely on *Playboy Enterprises, Inc. v. Welles*, 60 F. Supp. 2d 1050, 1057 (S.D. Cal. 1999). As an initial matter, the requests in *Playboy Enterprises* are not at all similar to those that Plaintiffs propounded. For example, those requests sought an admission on the interpretation of a contractual provision, and an admission on the interpretation of the term "public figure" as used in a Supreme Court case. *Id.* at 1057. Neither are analogous to the requests that Plaintiffs propounded here. Moreover, the *Playboy Enterprises* court did not hold that the requests were objectionable and thus did not need to be answered; rather, it held that the defendant must either respond or object to an accompanying interrogatory that the defendant ignored, and gave the defendant the opportunity to object to the two requests for admission that it previously denied. *Id.*

Fourth, Plaintiffs are not limited to moving for summary judgment in order to establish the elements of breach and causation. Joint Stipulation at 3. Indeed, as the Advisory Committee Notes make clear, the very purpose of requests for admission is to *avoid* incurring litigation costs—such as by having to prepare and file a motion for summary judgment—to prove an issue for which there is no reasonable dispute. *See* Fed. R. Civ. P. 36 Advisory Committee's Note to 1970 Amendment (noting that requests for admission can "remove[] one of the issues from the lawsuit and thereby reduced the proof required at trial[,] [and] enabl[e] the requesting party to avoid the burdensome accumulation of proof prior to the pretrial conference"). If Defendants believe they can reasonably dispute issues of breach and causation, they can deny the requests—in which case Plaintiffs will prove these elements at summary judgment or trial. But if Defendants have no reasonable basis for denying them, as is glaringly apparent here, Rule 36 requires that they admit them so that Plaintiffs are not needlessly forced to incur costs proving those issues.

Finally, it is completely irrelevant that Plaintiffs elected not to move to compel responses to requests seeking admissions regarding whether Defendants

owed Plaintiffs a duty of care.  There was simply no utility in moving to compel a response to those requests; Defendants' Answer to Plaintiffs' First Amended Complaint already admitted that Defendants owed Plaintiffs a duty of care,[2] and the case law is unequivocal that Defendants in fact owe Plaintiffs such a duty.  *See* Joint Stipulation at 11 n.4.  Plaintiffs are clearly not conceding any issue relevant to the requests in dispute here by not beating a dead horse in moving to compel responses to those *other* requests.  If anything, the fact that Defendants' duty to Plaintiffs is so clearly established—both by their own admissions and by binding case law—heavily undercuts Defendants' suggestion that duty is some eminently contestable question that they do not wish to concede even by implication.

## III.  **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court grant Plaintiffs' motion to compel further discovery responses in full.

DATED:  December 31, 2020          Respectfully submitted,

>BROWNE GEORGE ROSS
>O'BRIEN ANNAGUEY & ELLIS LLP
>    Thomas P. O'Brien
>    Jennie Wang VonCannon
>    David J. Carroll
>
>
>By:     /s/ David J. Carroll
>     David J. Carroll
>Attorneys for Plaintiffs Dongyuan Li and
>Romaldo Marchan Delgado

---

[2] *See* Answer ¶ 69, ECF No. 18 ("Defendants admit that Defendants PRIETO and CONTRERAS owed a duty to detainees and prisoners at the Santa Ana Jail, including Plaintiffs, to exercise reasonable care in transporting them to and from the Santa Ana Jail.  Defendants admit that Defendants PRIETO and CONTRERAS owed a duty to all detainees and prisoners at the Santa Ana Jail, including Plaintiffs, to take reasonable measures to prevent them harm while being transported to and from the Santa Ana Jail.").