**JILL WILLIAMS – State Bar No. 221793**
**EDWARD WELLS– State Bar No. 321696**
**CARPENTER, ROTHANS & DUMONT**
500 S. Grand Avenue, 19th Floor
Los Angeles, CA  90071
(213) 228-0400 / (213) 228-0401 (fax)
jwilliams@crdlaw.com / ewells@crdlaw.com

Attorneys for Defendants Caroline Contreras,
Ricky Prieto, and City of Santa Ana

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dongyuan Li, et al., | Case No.: 8:20-cv-00068-JLS-JDE |
| Plaintiffs, | **DISCOVERY MOTION** |
| vs. | **DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL (DOCS. 63, 64); DECLARATION OF EDWARD WELLS** |
| City of Santa Ana, et al, | |
| Defendants. | [L.R. 37-2.3] |
| | Date: January 14, 2021<br>Time: 10:00 a.m.<br>Location: 411 W. Fourth St., Santa Ana, CA, 92701, Courtroom 6A |

COME NOW Defendants City of Santa Ana, Caroline Contreras, and Ricky Prieto, and hereby submit their Supplemental Memorandum of Law in Opposition to Plaintiffs' Motion to Compel, as permitted by Local Rule 37-2.3

## MEMORANDUM OF POINTS AND AUTHORITIES

As Defendants set forth in their portion of the joint stipulation relating to the plaintiffs' Motion to Compel (Doc. 64), plaintiffs' motion is procedurally infirm. See Doc. 64 at 3-4. Specifically, plaintiffs' motion is in material effect a

- 1 -
DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN
OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

dispositive motion that is not properly before a magistrate judge. Plaintiffs' motion is therefore barred by 28 U.S.C. § 636 and Fed. R. Civ. P. 72 in that these provisions of law provide that magistrate judges do not have jurisdiction to determine dispositive matters, which plaintiffs herein ask the Court to do.

### I. Plaintiffs' motion is procedurally infirm and should be denied on that basis.

The Federal Magistrates Act, 28 U.S.C. § 636, and Fed. R. Civ. P. 72 provide which matters are properly before a magistrate judge. The Magistrates Act lists particular motions which magistrate judges may not hear. 28 U.S.C. § 636(b)(1)(A). Among those disallowed matters are summary judgment motions. Id. "Though the list contained in 28 U.S.C. § 636(b)(1)(A) appears to be exhaustive—after all, the statute empowers a magistrate judge to "hear and determine" any pretrial matter "except" those listed—the Supreme Court has identified some judicial functions as dispositive notwithstanding the fact that they do not appear in the list. See, e.g., Gomez v. United States, 490 U.S. 858, 873–74 (1989)." Flam v. Flam, 788 F.3d 1043, 1046 (9th Cir. 2015). In accord with the Supreme Court's interpretation of the Magistrates Act, Rule 72 distinguishes between "dispositive" and "nondispositive" motions. Fed. R. Civ. P. 72.

A court does "not simply look to the list of excepted pretrial matters in order to determine the magistrate judge's authority. Instead, [it] must look to the effect of the motion, in order to determine whether it is properly characterized as "dispositive or non-dispositive of a claim or defense of a party."" United States v. Rivera-Guerrero, 377 F.3d 1064, 1068 (9th Cir. 2004) (quoting Maisonville v. F2 Am., Inc., 902 F.2d 746, 747 (9th Cir. 1990)). This functional analysis, which inquires into the material consequences of the motion in question on the litigation, if granted, is shared by the Second, Third, Sixth, and Tenth Circuits. Flam, supra, 788 F.3d at 1046.

DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN
OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

Here, plaintiffs seek an order compelling <u>admissions</u>—not merely a substantive response—to the elements of their negligence causes of action against the individual officer defendants and the City of Santa Ana. As set forth in the defendants' portion of the joint stipulation, the existence of a duty in tort follows from the admissions that plaintiffs seek by deductive reasoning, and consequently each of them improperly seeks an admission of pure law. Here, too, by seeking admissions that would dispose of their claims, plaintiffs attempt to smuggle in more than they are entitled to in the instant discovery motion.

Plaintiffs' counsel flatly stated his intention to obtain admissions, and not merely a substantive response, in an e-mail to the undersigned concerning the filing under seal of a confidential memorandum that he contends establishes the defendants' negligence. In meet and confer e-mails regarding the filing under seal of the memorandum, the undersigned suggested that the memorandum not be filed at all, because the instant motion does not rely on it, and asked plaintiffs' counsel "[c]an you point to a single issue of fact or law presented in the motion that the confidential memorandum bears on?". In response, plaintiff's counsel admitted that "we contend that the City's negligence is, for all intents and purposes, already clear and established and thus an RFA to the City on the topic should be substantively answered now." <u>See</u> Wells Decl., <u>infra</u>, ¶¶ 4-8. Thus the only purpose of the memorandum, and the instant motion, is to persuade the Court that: (a) certain facts are true; (b) certain conclusions of law follow from such facts; and (c) the admissions plaintiffs seek are justified by certain facts and conclusions of law and should therefore be ordered. But were such admissions ordered, the material effect would be identical to summary judgment. Thus, as Defendants mentioned in their portion of the joint stipulation, this is an end-run around summary judgment and is procedurally improper in that plaintiffs seek what is in material effect a dispositive ruling barred by 28 U.S.C.(b)(1)(A) and Fed. R. Civ. P. 72.

DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN
OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

1  Plaintiffs' motion challenges meritorious objections and lacks any authority
2  that supports it. Additionally, it is procedurally infirm. It should be denied.

3  **II.  The only authority that plaintiffs rely on in support of their improper**
4  **motion to compel, Marchand v. Mercy Med. Ctr., 22 F.3d 933 (9th Cir.**
5  **1994), does not support it.**

6  Plaintiffs erroneously rely on Marchand v. Mercy Med. Ctr., 22 F.3d 933,
7  937 (9th Cir. 1994) in support of their motion to compel. As set forth in the
8  Defendants' portion of the joint stipulation, Marchand did not concern a motion to
9  compel and is substantively and procedurally distinguishable. It cannot be read, as
10 plaintiffs contend, to permit requests for admission for the elements of negligence
11 for the reasons set forth in defendants' portion of the joint stipulation (see Doc. 64
12 at 14:25-15:22). Additionally, Marchand cannot be read to permit requests for
13 admission for the elements of negligence because it concerned a post-trial motion
14 for attorney fees as provided by Fed. R. Civ. P. 37 for denials to requests for
15 admission that the moving party later proved at trial—and thus any objection that
16 the requests for admission at issue there improperly called for conclusions of law
17 was waived. There is no indication that counsel opposing the motion ever made
18 any such objection. 22 F.3d at 937-39. Where defense counsel there failed to make
19 any objection and instead simply denied the requests for admission, the litigation
20 progressed and came to the reported appeal Marchand, supra, which considered
21 issues legally and logically subsequent to the meritorious objections at issue in the
22 instant motion. Marchand does not provide that requests for admission probing the
23 elements of negligence are proper. It never even considered that question, because
24 defense counsel there failed to properly object.
25 / / /
26
27 / / /
28

- 4 -
DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN
OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

### III. Conclusion

For the reasons set forth above, and in the Defendants' portion of the joint stipulation, the instant discovery motion should be denied.

DATED:   December 31, 2020            CARPENTER, ROTHANS & DUMONT

                                      /s/ Edward Wells
                                By:   _____
                                      JILL WILLIAMS
                                      EDWARD WELLS
                                      Attorneys for Defendants

DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN
OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

## DECLARATION OF EDWARD WELLS, ESQ.

I, Edward Wells, declare as follows:

1. I am an attorney duly licensed to practice before all the courts of the states of California and Missouri, and I am an associate attorney at the law firm of Carpenter, Rothans, and Dumont, attorneys of record for defendant County of Los Angeles. I am admitted to practice in this Court.

2. The following facts are stated from my personal knowledge, except those facts stated on information and belief which I believe to be true, and if called as a witness, I could and would so competently testify thereto under oath.

3. This declaration is made in support of Defendants' Supplemental Memorandum of Law in Opposition to Plaintiffs' Motion to Compel.

4. On December 23, David Carroll, counsel for plaintiffs, contacted me via e-mail to meet and confer as provided by Local Rule 79-5.2.2 regarding filing Exhibit 14 to the plaintiffs' motion to compel under seal.

5. In an effort to eliminate the need for filing Exhibit 14 under seal, I observed that plaintiffs' motion does not rely on it, and suggested that Mr. Carroll simply not file the exhibit, which did not appear to me at the time to have any relation whatsoever to plaintiffs' motion. Via e-mail, I asked Mr. Carroll "[c]an you point to a single issue of fact or law presented in the motion that the confidential memorandum bears on?"

6. Mr. Carroll responded that "[w]e contend that the City's negligence is, for all intents and purposes, already clear and established and thus an RFA to the City on the topic should be substantively answered now."

7. Mr. Carroll's purpose in filing Exhibit 14 is thus to establish the elements of negligence, and in so doing, plaintiffs improperly seek a disposition on the merits in their discovery motion for the reasons set forth in the foregoing memorandum of law, and in the Defendants' portion of the joint stipulation.

/ / /

/ / /

1    8.    A true and correct copy of the e-mail conversation between Mr. Carroll and me discussed above is attached hereto as Exhibit "A".

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 29th day of December, 2020 at West Hollywood, California.

_____
Edward Wells - Declarant

# EXHIBIT "A"

| | |
|---|---|
| **From:** | David J. Carroll |
| **To:** | Edward Wells; Jennie Wang VonCannon |
| **Cc:** | Jill Williams |
| **Subject:** | RE: Li-Delgado v. City of Santa Ana [IWOV-DOCSLA.FID349536] |
| **Date:** | Wednesday, December 23, 2020 12:50:41 PM |

Ted,

We contend that the City's negligence is, for all intents and purposes, already clear and established and thus an RFA to the City on the topic should be substantively answered now. You are free argue to the judge that Exhibit 14 is irrelevant if you wish.

On the topic of submitting irrelevant evidence, I note that you are including the judgments in Plaintiffs' criminal cases (as well as their discovery responses) for no other apparent reason than to smear them. Those convictions, and their discovery responses, obviously have no relevance whatsoever to the subject in dispute—whether Defendants should respond to RFAs going to the elements of Plaintiffs' negligence claims. Nonetheless, I am not challenging your right to submit them to the Court if that's the way you wish to defend against the motion to compel—although I intend to point out their irrelevance in our additional LR 37 memorandum next week.

David

**From:** Edward Wells <ewells@crdlaw.com>
**Sent:** Wednesday, December 23, 2020 12:34 PM
**To:** David J. Carroll <dcarroll@bgrfirm.com>; Jennie Wang VonCannon <jvoncannon@bgrfirm.com>
**Cc:** Jill Williams <jwilliams@crdlaw.com>
**Subject:** RE: Li-Delgado v. City of Santa Ana [IWOV-DOCSLA.FID349536]

Hi David,

Can you point to a single issue of fact or law presented in the motion that the confidential memorandum bears on?


Ted Wells
CARPENTER, ROTHANS & DUMONT LLP
500 South Grand Avenue, 19th Floor
Los Angeles, California 90071
T: 213.228.0400
F: 213.228.0401
www.crdlaw.com

CONFIDENTIALITY NOTICE: This communication and any documents, files or previous e-mail messages attached to it, constitute an electronic communication within the scope of the Electronic Communication Privacy Act, 18 USCA 2510. This communication may contain non-public, confidential, or legally privileged information intended for the sole use of the designated recipient(s).

The unlawful interception, use or disclosure of such information is strictly prohibited under 18 USCA 2511 and any applicable laws. If you are not the intended recipient, or have received this communication in error, please notify the sender immediately by reply email or by telephone at (213) 228-0400 and delete all copies of this communication, including attachments, without reading them or saving them to disk.

---

**From:** David J. Carroll <dcarroll@bgrfirm.com>
**Sent:** Wednesday, December 23, 2020 12:25 PM
**To:** Edward Wells <ewells@crdlaw.com>; Jennie Wang VonCannon <jvoncannon@bgrfirm.com>
**Cc:** Jill Williams <jwilliams@crdlaw.com>
**Subject:** RE: Li-Delgado v. City of Santa Ana [IWOV-DOCSLA.FID349536]

Ted,

We disagree that Exhibit 14 is unnecessary to the motion, and the Court obviously won't (and can't) put any stock in a declaration from me attesting to my personal belief as to the City's negligence. In any event, it seems that Commander Rodriguez's preexisting declaration contains everything that you would rely on to establish confidentiality, so I don't think submitting the exhibit under seal would create that much more work on your part.

We will apply for leave to file the document under seal and will let the Court know to expect a supporting declaration/filing from Defendants.

Thanks,
David

---

**From:** Edward Wells <ewells@crdlaw.com>
**Sent:** Wednesday, December 23, 2020 11:51 AM
**To:** David J. Carroll <dcarroll@bgrfirm.com>; Jennie Wang VonCannon <jvoncannon@bgrfirm.com>
**Cc:** Jill Williams <jwilliams@crdlaw.com>
**Subject:** RE: Li-Delgado v. City of Santa Ana [IWOV-DOCSLA.FID349536]

Hi David,

You are correct that the entirety of the document is confidential and cannot be redacted, and to the extent that it is filed, it should be filed under seal.

However, and more importantly, your motion to compel does not rely on the document at all. There is no question of law or fact presented by the motion that is resolved or even enlightened by reference to the confidential memo. Its only apparent purpose in the motion is to substantiate your collateral contention that you do not believe that negligence liability is in serious dispute—something that the document need not be attached to the motion at all for you to contend.

Thus, in the spirit of saving unnecessary law and motion, I suggest that you simply not file the exhibit at all, and instead modify your declaration to state something along the lines of "after review of a confidential memorandum produced subject to a protective order, I do not believe that the elements of breach and causation are seriously in dispute." This would save you the unnecessary work of an application to file under seal and me the work of a declaration of necessity. In the same spirit, to the extent that your modified declaration is substantively identical to my suggestion, I will not make a hearsay objection.

Let me know your thoughts.


Ted Wells

CARPENTER, ROTHANS & DUMONT LLP

500 South Grand Avenue, 19th Floor
Los Angeles, California 90071
T: 213.228.0400
F: 213.228.0401
www.crdlaw.com

CONFIDENTIALITY NOTICE: This communication and any documents, files or previous e-mail messages attached to it, constitute an electronic communication within the scope of the Electronic Communication Privacy Act, 18 USCA 2510. This communication may contain non-public, confidential, or legally privileged information intended for the sole use of the designated recipient(s). The unlawful interception, use or disclosure of such information is strictly prohibited under 18 USCA 2511 and any applicable laws. If you are not the intended recipient, or have received this communication in error, please notify the sender immediately by reply email or by telephone at (213) 228-0400 and delete all copies of this communication, including attachments, without reading them or saving them to disk.

---

**From:** David J. Carroll <dcarroll@bgrfirm.com>
**Sent:** Wednesday, December 23, 2020 11:17 AM
**To:** Edward Wells <ewells@crdlaw.com>; Jennie Wang VonCannon <jvoncannon@bgrfirm.com>
**Cc:** Jill Williams <jwilliams@crdlaw.com>
**Subject:** RE: Li-Delgado v. City of Santa Ana [IWOV-DOCSLA.FID349536]

Hi Ted,

Per Local Rule 79-5.2.2, I am writing to meet and confer with respect to filing Exhibit 14 under seal. As noted in the motion, I assume you would like us to seek to file Exhibit 14 under seal since it was produced under a protective order. Moreover, it appears to me to that the entirety of the document is confidential and can't be redacted in any manner so as to permit a portion of it to be publicly filed. Of course, please let me know if that's not the case. We therefore intend to

provisionally submit the entire document under seal, after which Defendants may file a declaration establishing the need for under seal filing, per the procedures outlined in LR 79-5.2.2.

Please let me know if you have any concerns with us proceeding in this manner.  Thanks.

David

---

**From:** Edward Wells <ewells@crdlaw.com>
**Sent:** Tuesday, December 22, 2020 4:45 PM
**To:** David J. Carroll <dcarroll@bgrfirm.com>; Jennie Wang VonCannon <jvoncannon@bgrfirm.com>
**Cc:** Jill Williams <jwilliams@crdlaw.com>
**Subject:** Li-Delgado v. City of Santa Ana

Hi David,

Please find attached the defendants' portion of the plaitniff's joint stip in support of their motion to compel, along with all of defendants' exhibits.


Ted Wells
CARPENTER, ROTHANS & DUMONT LLP
500 South Grand Avenue, 19th Floor
Los Angeles, California 90071
T: 213.228.0400
F: 213.228.0401
www.crdlaw.com

CONFIDENTIALITY NOTICE: This communication and any documents, files or previous e-mail messages attached to it, constitute an electronic communication within the scope of the Electronic Communication Privacy Act, 18 USCA 2510. This communication may contain non-public, confidential, or legally privileged information intended for the sole use of the designated recipient(s). The unlawful interception, use or disclosure of such information is strictly prohibited under 18 USCA 2511 and any applicable laws. If you are not the intended recipient, or have received this communication in error, please notify the sender immediately by reply email or by telephone at (213) 228-0400 and delete all copies of this communication, including attachments, without reading them or saving them to disk.

---

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

_____

_____

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

_____

_____

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

_____