UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00068-SB (JDEx) | Date | January 14, 2021 |
|---|---|---|---|
| Title | Dongyuan Li, et al., v. City of Santa Ana, et al. | | |

| Present: The Honorable | John D. Early, United States Magistrate Judge |
|---|---|

| Maria Barr | CS 01/14/21 |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| David J. Carroll | Edward S. Wells |
| Jennie W. Von Cannon | |

**Proceedings:**   Hearing re Plaintiff's Motion to Compel [Dkt. 63]

## I.
## INTRODUCTION

On January 13, 2020, Plaintiffs Dongyuan Li and Romaldo Marchan Delgado (collectively, "Plaintiffs") filed a Complaint against Defendants City of Santa Ana (the "City"), Ricky Prieto ("Prieto"), Caroline Contreras ("Contreras") (collectively, "Defendants") alleging claims under 42 U.S.C. § 1983, the Bane Act, Cal. Gov't Code § 845.6, and negligence. Dkt. 1. On September 9, 2020, Plaintiffs filed a Second Amended Complaint adding claims pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Dkt. 36.

On December 23, 2020, Plaintiffs filed a Motion to Compel Further Responses to Discovery with a Local Rule 37 Joint Stipulation and supporting and opposing declarations with exhibits. Dkt. 63 ("Motion"), 63-1 to 63-24; Dkt. 64 ("Joint Stipulation" or "Jt. Stip."). The Motion seeks an order compelling further responses to certain Requests for Production of Documents ("RFPs") and Requests for Admission ("RFAs") propounded upon the City and certain RFAs propounded upon Prieto and Contreras. Jt. Stip. at 1 (original pagination used herein unless noted). On December 31, 2020, the parties filed Supplemental Memoranda. Dkt. 67; Dkt. 68.

The Court heard arguments on the Motion telephonically on January 14, 2021, during which the parties reached agreement as to certain matters referenced in the Motion, as described below. With respect to the remaining matters at issue in the Motion, Court now rules as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 8:20-cv-00068-SB (JDEx) | Date | January 14, 2021 |
|---|---|---|---|
| Title | Dongyuan Li, et al., v. City of Santa Ana, et al. | | |

## II.
## RELEVANT LAW

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. ("Rule") 26(b)(1).

The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002); see also La. Pac. Corp. v. Money Mkt. 1 Inst. Inv. Dealer, 285 F.R.D. 481, 485 (N.D. Cal. 2012) ("the party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence").

A.   Requests for Admission

"A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to . . . facts, the application of law to fact, or opinions about either . . .." Rule 36(a)(1)(A), (B). The purpose of requesting admissions "is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." In re Heritage Bond Litig., 220 F.R.D. 624, 626 (C.D. Cal. 2004); see also Rule 36 Advisory Committee Notes (1970 Amendment) ("Rule 36 serves two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first, to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be.").

If a responding party does not admit to a matter, its answer:

> must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00068-SB (JDEx) | Date | January 14, 2021 |
|---|---|---|---|
| Title | Dongyuan Li, et al., v. City of Santa Ana, et al. | | |

Rule 36(a)(4). Further, if a responding party objects to a request, it must state its grounds for objecting." Rule 36(a)(5).

A requesting party "may move to determine the sufficiency of an answer or objection." Rule 36(a)(6). On such a motion, if the request relates to relevant matters, the party objecting to the request has the burden of persuasion to show that the objection is warranted. 7 Moore's Federal Practice, § 36.12[1] (Matthew Bender 3d Ed.); see also Moses v. Halstead, 236 F.R.D. 667, 681 (D. Kan. 2006).

B.   Requests for Production

A party may serve on any other party requests, within the scope of Rule 26(b), to produce or permit inspection of, among other things, "any designated documents or electronically stored information" in "the responding party's possession, custody, or control." Rule 34(a)(1)(A). The party responding to a request for production must, "[f]or each item or category, . . . either state that inspection . . . will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Rule 34(b)(2)(B). "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Rule 34(b)(2)(C).

## III.
## DISCUSSION

A.   RFPs Propounded Upon the City

Plaintiffs state the City "has agreed to produce all outstanding documents to Plaintiffs." Specifically, according to Plaintiffs, Defendants agree to produce:

(1) all relevant policies and procedures, including (i) Santa Ana Police Department Policy 320, Standards of Conduct, (ii) Core Operations Policies, (iii) Training Bulletin on Prisoner Transportation and Operations, and (iv) policies relating to false statements by peace or correctional officers, investigations of such false statements, and potential discipline concerning those false statements; and
(2) confirmation that it has produced all documents from all internal and/or administrative investigations of the underlying incidents conducted by the City;
(3) all communications (including e-mails and text messages) relating to either the underlying incident or the investigation of that incident, including a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00068-SB (JDEx) | Date | January 14, 2021 |
|---|---|---|---|
| Title | Dongyuan Li, et al., v. City of Santa Ana, et al. | | |

      privilege log for any communications withheld on the basis of any privilege; and
(4) the native versions of any reports or memoranda drafted in connection with the underlying investigation.

Jt. Stip. at 6. The City does not deny it agreed to produce these documents. It asserts it has produced some documents, advised Plaintiff some documents do not exists, and "intend[s]" to produce remaining documents, but provides no time frame for such production. Id. Nonetheless, the City asserts the dispute is "moot." Id.

      Rule 34 requires more than an agreement to produce; it requires production, absent timely objection. See Rule 34(b)(2). The time for production is either the date demanded in the requests or the another "reasonable" date set in the responses. See Rule 34(b)(2)(B). Here, Plaintiffs demanded production 30 days from service of the requests, that is, 30 days from June 17, 2020. See Dkt. 63-2 at 3, 18 (CM/ECF pagination). The City's written response to the requests do not appear to set forth another "reasonable" date for production, making production due by July 19, 2020.

      Here, more than six months after the request for production were served, the City has produced some documents and has agreed to produce certain other documents. As of the date of the filing of the Motion, the City has not produced all of the documents it has promised to produce and has not committed to a particular date for such production. In these circumstances, the dispute is not moot. To the extent that the City has not yet produced the four categories of documents listed above or any other documents it has agreed to produce, the Motion is granted.

B.    The RFAs Referenced in the Motion
    1.   The Text of the RFAs and Defendants' Responses Thereto
      In the Motion, Plaintiffs sought substantive responses from Prieto and Contreras as to RFA Nos. 2 to 4 and 6 to 8 and from the City as to RFA Nos. 2 to 4 and 7 to 8. See Jt. Stip. at 7 n.2, 8 n.3. The City denied RFA No. 6 directed to it, so that RFA is not a subject of the Motion. Id. According to Plaintiffs, the RFAs and the objections and responses to them are substantively the same for all Defendants. See id. at 7 n.2. The RFAs at issue and Defendants' objections and responses to them provide:

    **RFA No. 2**
        **Request:** Admit that YOU breached YOUR duty to Plaintiff Li to use reasonable care in transporting Plaintiff Li from the COURTHOUSE to the JAIL on April 8, 2019.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00068-SB (JDEx) | Date | January 14, 2021 |
|---|---|---|---|
| Title | Dongyuan Li, et al., v. City of Santa Ana, et al. | | |

**Response:** Objection. This Request improperly calls for an admission of pure law—whether a duty of care existed between the Defendant Contreras and Plaintiff Li—which would necessarily be admitted were this Request admitted, because this Request assumes that a duty of care existed between the Defendant Contreras and Plaintiff Li. "Requests for admissions cannot be used to compel an admission of a conclusion of law." Playboy Enterprises, Inc. v. Welles, 60 F. Supp.2d 1050, 1057 (S.D. Cal. 1999). The existence and nature of a duty of care is a question of law. Paz v. State of Cal., 22 Cal. 4th 550, 557 (2000). See also Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc., 48 Cal. 3d 583, 588 (1989). Accord Chubb Grp. of Ins. Cos. v. H.A. Transp. Sys., 243 F. Supp. 2d 1064, 1071 (C.D. Cal. 2002), Szucs v. L&D Scaffolding, No. 94-17222, 1996 U.S. App. LEXIS 4262, at *6 (9th Cir. Feb. 23, 1996).

**RFA No. 3**

**Request:** Admit that YOUR breach of YOUR duty of care to Plaintiff Li on April 8, 2019 in transporting Plaintiff Li from the COURTHOUSE to the JAIL was a substantial factor in causing Plaintiff Li physical harm.

**Response:** Objection. This Request improperly calls for an admission of pure law—whether a duty of care existed between the Defendant Contreras and Plaintiff Li—which would necessarily be admitted were this Request admitted, because this Request assumes that a duty of care existed between the Defendant Contreras and Plaintiff Li. "Requests for admissions cannot be used to compel an admission of a conclusion of law." Playboy Enterprises, Inc. v. Welles, 60 F. Supp.2d 1050, 1057 (S.D. Cal. 1999). The existence and nature of a duty of care is a question of law. Paz v. State of Cal., 22 Cal. 4th 550, 557 (2000). See also Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc., 48 Cal. 3d 583, 588 (1989). Accord Chubb Grp. of Ins. Cos. v. H.A. Transp. Sys., 243 F. Supp. 2d 1064, 1071 (C.D. Cal. 2002), Szucs v. L&D Scaffolding, No. 94-17222, 1996 U.S. App. LEXIS 4262, at *6 (9th Cir. Feb. 23, 1996). This request also calls for speculation and an improper medical and/or mental health care opinion from this responding defendant.

**RFA No. 4**

**Request:** Admit that YOUR breach of YOUR duty of care to Plaintiff Li on April 8, 2019 in transporting Plaintiff Li from the COURTHOUSE to the JAIL was a substantial factor in causing Plaintiff Li emotional harm.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00068-SB (JDEx) | Date | January 14, 2021 |
|---|---|---|---|
| Title | Dongyuan Li, et al., v. City of Santa Ana, et al. | | |

**Response:** Objection. This Request improperly calls for an admission of pure law—whether a duty of care existed between the Defendant Contreras and Plaintiff Li—which would necessarily be admitted were this Request admitted, because this Request assumes that a duty of care existed between the Defendant Contreras and Plaintiff Li. "Requests for admissions cannot be used to compel an admission of a conclusion of law." Playboy Enterprises, Inc. v. Welles, 60 F. Supp.2d 1050, 1057 (S.D. Cal. 1999). The existence and nature of a duty of care is a question of law. Paz v. State of Cal., 22 Cal. 4th 550, 557 (2000). See also Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc., 48 Cal. 3d 583, 588 (1989). Accord Chubb Grp. of Ins. Cos. v. H.A. Transp. Sys., 243 F. Supp. 2d 1064, 1071 (C.D. Cal. 2002), Szucs v. L&D Scaffolding, No. 94-17222, 1996 U.S. App. LEXIS 4262, at *6 (9th Cir. Feb. 23, 1996). This request also calls for speculation and an improper medical and/or mental health care opinion from this responding defendant.

**RFA No. 6**
  **Request:** Admit that YOU breached YOUR duty to Plaintiff Marchan Delgado to use reasonable care in transporting Plaintiff Marchan Delgado from the COURTHOUSE to the JAIL on April 8, 2019.
  **Response:** Objection. This Request improperly calls for an admission of pure law—whether a duty of care existed between the Defendant Contreras and Plaintiff Delgado—which would necessarily be admitted were this Request admitted, because this Request assumes that a duty of care existed between the Defendant Contreras and Plaintiff Li. "Requests for admissions cannot be used to compel an admission of a conclusion of law." Playboy Enterprises, Inc. v. Welles, 60 F. Supp.2d 1050, 1057 (S.D. Cal. 1999). The existence and nature of a duty of care is a question of law. Paz v. State of Cal., 22 Cal. 4th 550, 557 (2000). See also Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc., 48 Cal. 3d 583, 588 (1989). Accord Chubb Grp. of Ins. Cos. v. H.A. Transp. Sys., 243 F. Supp. 2d 1064, 1071 (C.D. Cal. 2002), Szucs v. L&D Scaffolding, No. 94-17222, 1996 U.S. App. LEXIS 4262, at *6 (9th Cir. Feb. 23, 1996).

**RFA No. 7**
  **Request:** Admit that YOUR breach of YOUR duty of care to Plaintiff Marchan Delgado on April 8, 2019 in transporting Plaintiff Marchan Delgado from the COURTHOUSE to the JAIL was a substantial factor in causing Plaintiff Marchan Delgado physical harm.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00068-SB (JDEx) | Date | January 14, 2021 |
|---|---|---|---|
| Title | Dongyuan Li, et al., v. City of Santa Ana, et al. | | |

    **Response:** Objection. This Request improperly calls for an admission of pure law—whether a duty of care existed between the Defendant Contreras and Plaintiff Delgado—which would necessarily be admitted were this Request admitted, because this Request assumes that a duty of care existed between the Defendant Contreras and Plaintiff Li. "Requests for admissions cannot be used to compel an admission of a conclusion of law." Playboy Enterprises, Inc. v. Welles, 60 F. Supp.2d 1050, 1057 (S.D. Cal. 1999). The existence and nature of a duty of care is a question of law. Paz v. State of Cal., 22 Cal. 4th 550, 557 (2000). See also Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc., 48 Cal. 3d 583, 588 (1989). Accord Chubb Grp. of Ins. Cos. v. H.A. Transp. Sys., 243 F. Supp. 2d 1064, 1071 (C.D. Cal. 2002), Szucs v. L&D Scaffolding, No. 94-17222, 1996 U.S. App. LEXIS 4262, at *6 (9th Cir. Feb. 23, 1996). This request also calls for speculation and an improper medical and/or mental health care opinion from this responding defendant.

**RFA No. 8**
    **Request**: Admit that YOUR breach of YOUR duty of care to Plaintiff Marchan Delgado on April 8, 2019 in transporting Plaintiff Marchan Delgado from the COURTHOUSE to the JAIL was a substantial factor in causing Plaintiff Marchan Delgado emotional harm.
    **Response**: Objection. This Request improperly calls for an admission of pure law—whether a duty of care existed between the Defendant Contreras and Plaintiff Delgado—which would necessarily be admitted were this Request admitted, because this Request assumes that a duty of care existed between the Defendant Contreras and Plaintiff Li. "Requests for admissions cannot be used to compel an admission of a conclusion of law." Playboy Enterprises, Inc. v. Welles, 60 F. Supp.2d 1050, 1057 (S.D. Cal. 1999). The existence and nature of a duty of care is a question of law. Paz v. State of Cal., 22 Cal. 4th 550, 557 (2000). See also Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc., 48 Cal. 3d 583, 588 (1989). Accord Chubb Grp. of Ins. Cos. v. H.A. Transp. Sys., 243 F. Supp. 2d 1064, 1071 (C.D. Cal. 2002), Szucs v. L&D Scaffolding, No. 94-17222, 1996 U.S. App. LEXIS 4262, at *6 (9th Cir. Feb. 23, 1996). This request also calls for speculation and an improper medical and/or mental health care opinion from this responding defendant.

Jt. Stip. at 7-10.

    2.   <u>The Parties' Agreement at the hearing</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00068-SB (JDEx) | Date | January 14, 2021 |
|---|---|---|---|
| Title | Dongyuan Li, et al., v. City of Santa Ana, et al. | | |

The preceding six RFAs fall into two categories. RFA Nos. 2 and 6 ask Defendants to admit that they breached a "duty" owed to each Plaintiff in transporting such Plaintiff from the Courthouse to the Jail on April 8, 2019. RFA Nos. 3-4 and 7-8 assume the existence and breach of a duty and ask Defendants to admit that such breach was a substantial factor in causing Plaintiffs emotional or physical harm.

Following a discussion at the hearing, the parties agree that Defendants would provide a substantive response, compliant with Rule 36, to the following re-worded RFAs:

AMENDED RFA No. 2:
Admit that YOU did not use reasonable care in transporting Plaintiff Li from the COURTHOUSE to the JAIL on April 8, 2019.
AMENDED RFA No. 3:
Admit that YOUR conduct or failure to act in transporting Plaintiff Li from the COURTHOUSE to the JAIL on April 8, 2019 was a substantial factor in causing Plaintiff Li physical harm.
AMENDED RFA No. 4:
Admit that YOUR conduct or failure to act in transporting Plaintiff Li from the COURTHOUSE to the JAIL on April 8, 2019 was a substantial factor in causing Plaintiff Li emotional harm.
AMENDED RFA No. 6:
Admit that YOU did not use reasonable care in transporting Plaintiff Marchan Delgado from the COURTHOUSE to the JAIL on April 8, 2019.
AMENDED RFA No. 7:
Admit that YOUR conduct or failure to act in transporting Plaintiff Marchan Delgado from the COURTHOUSE to the JAIL on April 8, 2019 was a substantial factor in causing Plaintiff Li physical harm.
AMENDED RFA No. 8:
Admit that YOUR conduct or failure to act in transporting Plaintiff Marchan Delgado from the COURTHOUSE to the JAIL on April 8, 2019 was a substantial factor in causing Plaintiff Li emotional harm.

Per the parties' agreement at the hearing, Defendants shall provide substantive responses with the foregoing Amended RFAs (except the City need not provide a further response to Amended RFA No. 6), in compliance with Rule 36(a)(4), within 14 days from the date of this Order.[1]

---

[1] Plaintiffs' Introductory Statement in the Joint Stipulation refers to an unnumbered RFA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00068-SB (JDEx) | Date | January 14, 2021 |
|---|---|---|---|
| Title | Dongyuan Li, et al., v. City of Santa Ana, et al. | | |

## IV.
## CONCLUSION

For the foregoing reasons, the Motion (Dkt. 63) is:

1. GRANTED against the City as to the four categories of documents set forth in Section III(A), above, or any other documents the City has agreed to produce; the City is ORDERED to produce such documents within 14 days from the date of the Order;
2. DENIED as to the unspecified RFA referenced in at page two of Plaintiff's Introductory Statement in the Joint Stipulation; and
3. MOOT as to RFA Nos. 2-4 and 6-8, but Defendants are ORDERED to provide substantive responses with the Amended RFAs set forth in Section III(B), above, (except the City need not respond to Amended RFA No. 6), as agreed to by the parties and in compliance with Rule 36(a)(4), within 14 days from the date of this Order.

IT IS SO ORDERED.

| | : | 46 |
|---|---|---|
| Initials of Clerk: | mba | |

---

propounded by Plaintiff Delgado "regarding his exhaustion of administrative remedies, to which Defendants initially declined to substantively respond but have recently agreed to do so." Jt. Stip. at 2. Plaintiffs ask the Court to order Defendants to serve a response to that RFA within five days if they have not done so at the time the motion is heard. Id. It does not appear that either party provided the number or text of either the RFA or the response to the RFA relating to exhaustion of administrative remedies, nor did either party offer any argument from which the Court could make an assessment of the RFA or any response, nor did either party advise the Court in their respective Supplemental Memoranda whether any further response had been provided or whether the unspecified RFA was still at issue. At the hearing, counsel for Plaintiff advised that the issue is resolved. As the dispute, if any, regarding this RFA has not properly been presented to the Court, Plaintiffs' request that the Court order Defendant to further respond to the unspecified RFA is denied. See Local Rule 37-2.3 ("The stipulation must contain all issues in dispute and, as to each such issue, the contentions and points and authorities of each party.")