UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 8:20-cv-00068-SB (JDEx) | Date: | 5/7/2021 |
|---|---|---|---|

| Title: | *Dongyuan Li, et al. v. City of Santa Ana, et al.* |
|---|---|

| Present: The Honorable | STANLEY BLUMENFELD, JR., U.S. District Judge |
|---|---|

| Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   ORDER GRANTING PLAINTIFF DONGYUAN LI'S MOTION TO TESTIFY AT TRIAL BY CONTEMPORANEOUS TRANSMISSION [DKT. NO. 98]

Before the Court is Plaintiff Dongyuan Li's motion to testify at trial by contemporaneous transmission. (Mot., Dkt. No. 98.) Defendants City of Santa Ana, Caroline Contreras, and Ricky Prieto (City Defendants) oppose. (Opp., Dkt. No. 104.) Plaintiff has filed a reply. (Reply, Dkt. No. 122.) For the reasons below, the Court **GRANTS** the motion.

### I.   INTRODUCTION

The Court and the parties are familiar with the facts of this case, so the Court recites them only as relevant to this motion.

Plaintiff is a Chinese citizen who has no legal status in the United States. (Mot. at 2; Declaration of David J. Carroll (Carroll Decl.) ¶ 2, Ex. A, Dkt. Nos. 98-1, 98-2.) On September 17, 2019, Plaintiff pleaded guilty to visa fraud and conspiracy to commit immigration fraud. 18 U.S.C. §§ 1546(a), 371. (Mot. at 2.)

On December 16, 2019, Plaintiff was sentenced to time served, followed by three years of supervised release, and was released from custody. (*Id.*) After her release, the Department of Homeland Security (DHS) issued a statement indicating that it intended to pursue deportation. (*Id.*; Carroll Decl. ¶ 3, Ex. C.) Rather than face removal, Plaintiff's counsel arranged with DHS for her to voluntarily depart the country, which she did on January 1, 2020. (*Id.*; Carroll Decl. ¶ 4.) Plaintiff returned to the People's Republic of China (PRC), where she currently resides. (*Id.*; Carroll Decl. ¶ 5, Ex. D.)

## II.     DISCUSSION

Federal Rule of Civil Procedure 43(a) requires a witness to testify in open court; however, "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a); *see also* Fed. R. Civ. P. 77(b) (requiring trial on the merits to be conducted in open court, in a "regular courtroom"). The Court's inquiry is therefore twofold: (1) whether "good cause in compelling circumstances" exists, and (2) whether "appropriate safeguards" are in place. *See generally Julian Liu v. State Farm Mut. Auto. Ins. Co.*, ___ F. Supp. 3d ___, 2020 WL 8465987, at *1 (W.D. Wash. Dec. 17, 2020). The Court addresses each requirement in turn.

### A.     **Good Cause in Compelling Circumstances**

Plaintiff contends that good cause for remote testimony exists for two reasons. (Mot. at 4.) First, because of her criminal history, she is statutorily ineligible to return to the United States. (*Id.* at 4-7.) Second, she argues that the health risks posed by the ongoing COVID-19 pandemic present an additional reason to allow remote testimony. (*Id.* at 7-8.)

Determining whether Plaintiff has demonstrated good cause to testify remotely is a discretionary matter for the court. *Thomas v. Anderson*, 912 F.3d 971, 977 (7th Cir. 2018). However, "good cause in compelling circumstances" does not exist "merely by showing that it is inconvenient for the witness to attend trial." Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment.

The Court finds that circumstances presented by Plaintiff, particularly in combination, are sufficient to show good cause. Courts applying Rule 43(a) have held that a person's immigration status—including the inability to reenter the United States—is sufficient to constitute good cause. *See Rodriguez v. Gusman*,

974 F.3d 108, 115 (2d Cir. 2020) (collecting cases).  Likewise, courts have found that safety concerns related to the ongoing pandemic may satisfy the good cause standard.  *See, e.g.*, *Liu*, 2020 WL 8465987, at *2.  Accordingly, the Court finds that Plaintiff has demonstrated "good cause in compelling circumstances" to testify remotely.

City Defendants' arguments to the contrary are unpersuasive.  First, they argue that Plaintiff fails to show good cause because her situation was foreseeable and that she waited too long to bring this motion.  (Opp. at 3-4 (citing advisory committee's note).)  While true that the most compelling circumstances would result from some unforeseen or unexpected happening, Rule 43(a) is discretionary and not limited to such circumstances.  City Defendants do not attempt to distinguish any of the authority holding immigration status is sufficient to show good cause.  Likewise, although "[n]otice of a desire to transmit testimony from a different location should be given as soon as the reasons are known," it does not appear that Plaintiff has gained any tactical advantage or prejudiced City Defendants by waiting until now to bring the motion.  *See* Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment.

Next, City Defendants argue that Plaintiff should be precluded from testifying remotely because they were unable to depose her.  (Opp. at 4-6.)  Because she is ineligible to reenter the country, City Defendants were unable to depose her here.  (*Id.* at 5.)  And due to strict laws imposed by the PRC government, City Defendants were prohibited from taking Plaintiff's deposition in China.  (*Id.*)  Indeed, City Defendants cite authority examining Chinese law and concluding that absent government permission, depositions are illegal and cannot occur in China.  (*Id.* (citing *RePet, Inc. v. Zhao*, No. ED CV 15-2315-VAP (SPx), 2018 WL 9802098, at *3 (C.D. Cal. Jan. 16, 2018).)  Accordingly, to conduct Plaintiff's deposition, she would have been required to travel to another country; however, she was unable to do so given pandemic-related travel restrictions.  (*Id.* at 5-6.)  City Defendants contend that this combination of events made Plaintiff's deposition "an impossibility" and therefore argue it would be "fundamentally unfair" to allow her to testify at trial.  (*Id.* at 6.)  The Court will not prevent Plaintiff from testifying at trial remotely but will permit City Defendants to take her deposition beforehand, if they choose, when she is able to legally do so.

**B.   Appropriate Safeguards**

Rule 43(a) requires testimony in open court to: (1) ensure that the witness testimony may be tested by cross-examination, and (2) allow the trier of fact to

observe the demeanor of the witness.  *In re Adair*, 965 F.2d 777, 780 (9th Cir. 1992).

City Defendants do not generally challenge the use of the Zoom platform for remote testimony in appropriate circumstances.  Instead, they argue that Plaintiff has failed to establish safeguards because she "has not stated where or how she intends on testifying," "has provided no information as to how she plans on ensuring a secure and stable transmission in order to afford the defendants a fair opportunity to cross [examine], nor has she explained how she will ensure that she is alone and that no one is providing her answers or documents as she testifies." (Opp. at 7.)  While these are valid concerns, they exist in any situation involving remote testimony.  This does not warrant denial of the motion but rather the imposition of appropriate safeguards.

C.   **Legality of Testimony in China**

City Defendants argue that Plaintiff's motion must be denied because allowing her to testify while in China violates Chinese law.  (Opp. at 6.)  Article 277 of the Chinese Civil Law provides:

> When requesting or providing coordination in transnational legal proceeding[s], litigants shall do it in conformity with the international treaty entered into by the People's Republic of China, or through diplomatic approach in [the] absence of a treaty. The embassy and consulate of a foreign country are permitted to serve process, conduct investigations, and to obtain evidence from its own nationals, but shall not violate the law of People's Republic of China or a compulsory measure.
>
> Except for what is described in the forgoing provisions, no foreign authority or individual is allowed to serve process, conduct investigation, or obtain evidence within the borders of People's Republic of China without permission from the authority of the People's Republic of China.

*See Junjiang Ji v. Jling Inc.*, No. 15-CV-4194 (SIL), 2019 WL 1441130, at *5 (E.D.N.Y. Mar. 31, 2019) (quoting the Chinese Civil Law, Article 277).  Violating Article 277 may subject Plaintiff and all other parties involved to criminal charges. *See id.* (analyzing three separate provisions of Chinese to establishing penalties associated with violations of Article 277.)

Plaintiff disagrees with City Defendants' interpretation of Chinese law, arguing that by its terms, Article 277 merely prohibits "physically entering China to gather evidence."  (Reply at 4.)  Plaintiff's unsupported reading of Article 277 is contradicted by the weight of the authority interpreting it.  *See Jling, Inc.*, 2019 WL 1441130, at *6 (finding plaintiff violated Article 277 by testifying by video from mainland China, striking his testimony, and precluding him from further testifying remotely); *Peerless Indus., Inc. v. Crimson AV LLC*, No. 11 C 1768, 2013 WL 1195829, at *6 (N.D. Ill. Mar. 22, 2013) (refusing to allow remote deposition of deponent living in China); *Zhizheng Wang v. Hull*, No. C18-1220RSL, 2020 WL 4734930, at *1 (W.D. Wash. June 22, 2020) ("While there is certainly a possibility that the Chinese authorities would construe the law narrowly so that it does not apply to foreign individuals who do not set foot within the borders of the People's Republic of China and who have the cooperation of the Chinese citizen being deposed . . . the Court will not require defendant to bet on that outcome.").

In the alternative, Plaintiff suggests that she should be allowed to testify remotely because she could travel to another location, such as Hong Kong or Taiwan, to avoid the reach of Article 277.  (Reply at 4.)  Courts interpreting Article 277 have found similar solutions to be workable.  *See Peerless Indus.*, 2013 WL 1195829 at *6 (compelling deposition outside of China); *Wang*, 2020 WL 4734930 at *2 (compelling deposition at place "without fear of reprisal . . . such as Seattle, Hong Kong, Macau, Seoul, or Taipei").  This appears to be a reasonable solution.

### III.   CONCLUSION

The Court **GRANTS** Plaintiff's motion.  Plaintiff may testify by contemporaneous transmission at a location outside of the PRC that allows for such testimony.  The parties are **ORDERED** to meet and confer over the specifics of the location and other procedural safeguards, including the appropriate mechanisms to obtain and use an interpreter for Plaintiff.  The parties are **FURTHER ORDERED** to meet and confer about the potential of having Plaintiff sit for a deposition before trial.  The parties are to file a proposed order by May 28, 2021.